**United States District Court**
**Southern District of Ohio**
**Western Division**

BRENT E. GRAY,

    Plaintiff,

vs.

UNITED STATES POSTAL
SERVICE,

    Defendant.

Case No. 1:04-cv-548

Spiegel, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. 18) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff Brent E. Gray ("Plaintiff") initiated this action on August 12, 2004 by filing a *pro se* complaint pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2, against his former employer, the United States Postal Service ("Defendant").[2] Plaintiff's handwritten complaint alleges race discrimination. (*See* Doc. 2)

On June 14, 2005, Defendant filed a motion for summary judgment, to which Plaintiff did not respond. (Doc. 18.) Thereafter, on July 20, 2005, an Order was issued directing Plaintiff to show cause in writing within fifteen days of the date of the Order why the motion for summary judgment should not be granted and this matter dismissed. (Doc. 19.) Plaintiff has not responded to the Order to Show Cause although more than

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The proper defendant in this type of suit is the Postmaster General John Potter.

fifteen days have passed since the entry of the Order.

Plaintiff's failure to respond to either the motion for summary judgment or the order to show cause warrants granting Defendant's motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991)).

## I. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the nonmoving party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.

The Federal Rules of Civil Procedure require that the nonmoving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule. Fed. R. Civ. P. 56(e). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. *Id.*; *see also Anderson,* 477 U.S. at 248-49; *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, *reh'g denied,* 393 U.S. 901 (1968). When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party. *See Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).

## II. UNDISPUTED FACTS

Plaintiff, an African-American, joined the Postal Service in 1994. (Deposition of Brent Grey ("Grey Dep.") at 8.) At some point prior to 1998, Plaintiff began to experience problems in his feet exaggerated by his duties of carrying heavy sacks of mail. As a result, he was placed on limited duty. (*Id.* at 9-10.) The limited duty restricted Plaintiff to carrying/delivering mail no more than three hours a day. At some point in 1998, the Postal Service sought to remove Plaintiff because he was working in violation of the restrictions.

As a veteran of the United States Air Force, Plaintiff was entitled to contest his removal before the Merit Systems Protection Board (the "MSPB"). However, after a favorable ruling by the Bureau of Workers' Compensation, Defendant rescinded Plaintiff's termination, and Plaintiff was restored to the "*status quo ante.*" (*Id.* at pp. 12-

13.) As a result, Judge Puglia of the MSPB determined that the entire action filed by Plaintiff was moot.

However, Plaintiff continued to seek enforcement of his reinstatement, asserting that he was not fully restored to his position, and this failure was based on both racial discrimination and disability discrimination.

Judge Puglia determined that Plaintiff could not establish a *prima facie* case of racial discrimination. (Gray dep. p. 14.) Judge Puglia also found that Plaintiff was not disabled within the meaning of the law, and dismissed his request for enforcement to return him to "status quo ante." Plaintiff did not appeal this determination. (*Id.* at p. 15.)

At some point prior to 2000, Plaintiff's podiatrist, Dr. Ditko, sent a letter to the Postal Service indicating that Plaintiff's foot condition was permanent, and that a seated job would be more conducive to his health restrictions. Thereafter, on February 11, 2000, Postmaster John Mulkay sent Plaintiff a letter offering him a Distribution Clerk position at the Mount Healthy (Cincinnati) Station. (Doc. 18, Ex. C.) This proposed job was consistent with his restrictions. (Gray dep. p. 44). Furthermore, other carriers, including white employees, had previously been reassigned as clerks. (*Id*. at 46-47; Doc. 18, Gobel Aff. Ex. B.)

Plaintiff accepted the offer "under protest." Plaintiff testified that at the time he was given the offer, clerks and mail handlers received the same pay rate; however, he was aware that in the new contract (effective November 2000) mail carriers were to increase a grade in pay. As a result, Plaintiff claims that he did not want this accommodation, but

-4-

had no other choice. (Gray dep. p 27.)

Plaintiff then filed an EEO complaint regarding his transfer to the clerk position. Plaintiff's EEO complaint alleged three causes of action: race discrimination, disability discrimination, and reprisal. Plaintiff alleged that two Caucasian carriers, both of whom had medical restrictions, were not forced into clerk positions. Plaintiff's complaint further asserted that the Postal Service discriminated against him based on disability, and that he was retaliated against based upon his previous protected activity.

Administrative Judge Elliot Porter dismissed the disability claim, finding that Plaintiff was part of a pending class action matter involving "rehabilitation" employees. (Gray dep. p. 36.) Furthermore, Judge Porter concluded that the two Caucasian employees Plaintiff used as comparable employees were not similarly situated, *i.e.*, they suffered from shoulder problems, which did not impact on their ability to work on their feet, unlike Plaintiff. Judge Porter also noted that the clerk position was within the medical restrictions placed on Plaintiff. Finally, Judge Porter found that there was not credible evidence that Postmaster Mulkay was aware of Plaintiff's previous protected activity.

On August 12, 2004, Plaintiff initiated the instant action, alleging race discrimination. Plaintiff's handwritten complaint alleges:

> 2 Caucasian letter carriers were accommodated and allowed to remain in the letter carrier craft and I was converted to a distribution clerk. I also did not receive Level 6 pay (promotion) and they did. I lost all seniority and my protective status.

(Doc. 2, p. 2)

Thereafter, on June 14, 2005, Defendant filed a motion for summary judgment. (Doc. 18.)  Plaintiff did not file a response to Defendant's motion, and on July 20, 2005, Plaintiff was Ordered to Show Cause why Defendant's motion for summary judgment should not be granted and this cased closed.  (Doc. 19.)  Plaintiff has not responded to the pending Show Cause Order, nor has he filed an opposition memorandum in response to Defendant's motion for summary judgment.

### III.  DISCUSSION

To prevail on his claim of racial discrimination, Plaintiff must first demonstrate a *prima facie* case by submitting evidence that: (1) he is part of a protected class; (2) he was qualified for the job that he held during the time in question; (3) he suffered an adverse employment action; and (4) he was treated differently than similarly-situated individuals who were not members of her protected class.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-04 (1973); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996).

To sufficiently allege an adverse employment action, Plaintiff must show a "materially adverse change in the terms of . . . employment, [such as] termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities." *Kocsis v. Multi-Care Mgmt, Inc.,* 97 F.3d 876, 885-86 (6th Cir. 1996) (internal quotation marks and citations omitted).  The Sixth Circuit has consistently held that *de minimis*

employment actions are not materially adverse and, thus, not actionable. *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 462 (6th Cir. 2000). The "change in employment conditions 'must be more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Vitt v. City of Cincinnati*, No. 03-3080, 2004 WL 1147256, at *4 (6th Cir. May 20, 2004) (unpublished) (quoting *Kocsis,* 97 F.3d at 886).

The Sixth Circuit also has defined "similarly situated" employees for purposes of evaluating employment discrimination claims. "Similarly situated" employees are employees who "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir. 1992).

If a plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the action taken. *See Burdine,* 450 U.S. at 253. If defendant is able to meet this burden, plaintiff is then required to prove by a preponderance of the evidence that the legitimate reasons offered by defendant were a pretext for discrimination. *Id.* A plaintiff can demonstrate pretext by: (1) offering proof that the given reason did not exist in fact; (2) establishing that, while the given reason is factual, it was not the true reason for the allegedly discriminatory action; or (3) showing that the given reason was not sufficient for the action. *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1084 (6th Cir. 1994). The ultimate burden of persuading the trier of fact that defendant intentionally discriminated against plaintiff remains at all times

with plaintiff. *See Burdine,* 450 U.S. at 253.

Here, Plaintiff cannot make a *prima facie* showing of discrimination because he has presented no evidence that he was treated differently than any similarly-situated individual who was not a member of his protected class. *See Mitchell*, 964 F.2d at 582-83. *See also Burdine*, 450 U.S. at 252-53; *McDonnell Douglas Corp.*, 411 U.S. at 802. Plaintiff's complaint alleges that two Caucasian carriers were able to stay as letter carriers despite medical restrictions. However, contrary to Plaintiff's assertion, these employees suffered from shoulder problems, which did not impact on their ability to work on their feet, unlike Plaintiff. Accordingly, these Caucasian carriers are not "similarly situated" to Plaintiff for Title VII purposes.

Even if Plaintiff could make a *prima facie* showing of discrimination, he cannot prevail because Defendant has articulated a legitimate and non-discriminatory reason for the reassignment (*i.e.*, that the offered clerk position accommodated his medical restrictions), and Plaintiff has failed to present any evidence demonstrating pretext.

## IV. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED THAT** defendant's unopposed motion for summary judgment (Doc. 18) be **GRANTED**, and this case be **TERMINATED UPON THE DOCKET**.


Date:  February 21, 2006                             s/ Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

BRENT E. GRAY,

    Plaintiff,

vs.

UNITED STATES POSTAL
SERVICE,

    Defendant.

Case No. 1:04-cv-548

Spiegel, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).